IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN VANSPARRENTAK,
    Plaintiff,

vs.                                    Case No.: 3:14cv399/MCR/EMT

SHERIFF WENDALL HALL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a pre-trial detainee proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  The court screened the complaint, as required by 28 U.S.C. § 1915(e)(2)(B), and determined that Plaintiff's factual allegations failed to state a plausible claim for relief against the named Defendants (*see* doc. 8).  The court therefore provided Plaintiff an opportunity to remedy the pleading deficiencies by filing an amended complaint (*see id.*).  Plaintiff has now filed an amended complaint (doc. 12), which is the operative pleading.

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.    BACKGROUND

      Plaintiff sues the following Defendants in this action:  Wendall Hall, Sheriff of Santa Rosa County, Florida; USG7, a private company under contract with the Santa Rosa County Sheriff's Office to provide prisoner transport; and four individual drivers employed by USG7 (doc. 12 at

6–9).[1]  Plaintiff alleges that on August 28, 2013, he was picked up from a jail in Indiana by USG7 to be transported from the State of Indiana to the State of Florida (*id.*).  He alleges during the six-day trip he was transported in two different vans, each of which had three compartments (*id.*).  He alleges the size of the compartments were approximately 15 square feet, 24.5 square feet, and 24.5 square feet (*id.*).  Plaintiff alleges the first van, in which he spent three days, was equipped to seat approximately ten occupants, but as many as fourteen were transported (*id.*).  He alleges the second van, in which he also spent three days, was equipped to seat approximately eight occupants, but as many as ten were transported (*id.*).  Plaintiff further alleges that during the six-day transport, he was not provided an opportunity to shower, clean his teeth, perform any other personal hygiene, or lie down to rest (*id.*).  He alleges the drivers stopped for restroom breaks every 12–15 hours, which caused him severe bladder pain (*id.*).  Plaintiff further alleges that only once did the drivers free one of his hands from handcuffs to allow him to defecate (*id.*).  Plaintiff contends he was provided one fast food hamburger three times a day, which falls far short of the daily caloric intake required for humans (*id.*).  Plaintiff alleges he believes he suffers from a "neurogenic bladder" as a result of the bathroom restrictions imposed during the transport (*id.*).  He also alleges he now suffers from claustrophobia and has an "absolute terror" of transport vans (*id.*).

Plaintiff claims that USG7 and its drivers were deliberately indifferent to his basic human needs (doc. 12 at 8).  He alleges USG7 has a history of abusing detainees (*id.*).  Plaintiff alleges Sheriff Hall is vicariously liable for the conduct of USG7 and its agents, and is ultimately responsible for ensuring that they comply with federal standards of care with regard to the treatment of detainees (*id.* at 6–8).  Plaintiff alleges Sheriff Hall continues to contract with USG7, despite its history of abusing detainees, in order to save money (*id.* at 8).

Plaintiff contends Defendants' conduct violated his rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments (doc. 12 at 10).  As relief, he seeks nominal damages against Sheriff Hall, and compensatory and punitive damages against USG7 and its drivers (*id.*).

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

Case No.: 3:14cv399/MCR/EMT

## II.     LEGAL STANDARDS

### A.     Standard of Review

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are

> well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

    B.    Constitutional Standard

"[W]hile the Constitution does not require prisons to be comfortable, it also does not permit them to be inhumane . . . ." Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994). Conditions of confinement rise to the level of a constitutional violation only when they involve the wanton and unnecessary infliction of pain.[2] Chandler v. Crosby, 379 F.3d 1278, 1288–89 (11th Cir. 2004); Hope v. Pelzer, 536 U.S. 730, 737, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003); Campbell v. Sikes, 169 F.3d 1353 1362 (11th Cir. 1999).

To state a constitutional violation with respect to the conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. Chandler, 379 F.3d at 1289–90; Farrow, 320 F.3d at 1243. Under the objective component, a prisoner must prove that the condition of which he complains is sufficiently serious to violate the Constitution. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Specifically, a prisoner must prove the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289–90; Farrow, 320 F.3d at 1243; Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious

---

[2] Because Plaintiff was a pretrial detainee who had not been convicted of the crime with which he was charged, the Eighth Amendment does not apply. *See* Tittle v. Jefferson Cnty. Comm'n, 10 F.3d 1535, 1546 (11th Cir. 1994) (en banc) ("It is well settled that the Eighth Amendment prohibitions against cruel and unusual punishment do not apply to pretrial detainees.") (citing Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977)). Instead, Plaintiff's claim is properly analyzed under the Substantive Due Process Clause of the Fourteenth Amendment. *See* Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) (citations omitted). However, "the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983). Thus, "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments," Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc), and it makes no difference whether Plaintiff was a pretrial detainee or a convicted prisoner because "the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving . . . pretrial detainees." Keith, 749 F.3d at 1044 n.35 (citing Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)).

damage to his future health or safety." Chandler, 379 F.3d at 1289–90 (quoting Hudson, 503 U.S. at 9) (other citation omitted). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. 294, 305, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Under the subjective component, the prisoner must prove that the official acted with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 303. To prove deliberate indifference, the prisoner must show that the defendant official "'acted with a sufficiently culpable state of mind'" with regard to the serious condition in issue. Chandler, 379 F.3d at 1289–90 (quoting Hudson, 503 U.S. at 8). Negligence or even gross negligence does not satisfy this standard. *Id.*; Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

Additionally, Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983) "Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Under Iqbal, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. "[S]upervisors are liable under [section] 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) (quoting Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)). Facts sufficient to establish a causal connection include those "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Keating, 598 F.3d at 762 (internal quotation omitted). The factual allegations of the complaint must plausibly

show that the supervisory official acted with the same mental state required to establish a constitutional violation against his subordinate; therefore, the court must first identify the precise constitutional violation charged and explain what the violation requires.  *See* Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013).  For example, in the Eighth Amendment context, a violation requires deliberate indifference; therefore, the plaintiff's factual allegations must show that the supervisory defendants actually knew that the subordinate posed a risk of serious harm.  *See id.*

      C.      Statutory Limitation on Compensatory and Punitive Damages

Title 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citation omitted).  Where a prisoner plaintiff alleges constitutional violations he is prevented under § 1997e(e) from seeking punitive or compensatory damages in the absence of a physical injury.  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011)); *see also* Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) (noting that Napier court, by affirming dismissal of Napier's entire claim, "concluded, albeit *sub silentio*, that Napier's punitive claim was barred by § 1997e(e) just as much as his compensatory claim.").  Nominal damages, however, may still be recoverable.  Smith, 502 F.3d at 1271.

"In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002); *see also, e.g.,* Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (holding that § 1997e(e) barred inmate's claims for monetary damages; inmate's complaints of vague injuries to his back and scrapes and marks on his knees and legs did not amount to more than *de minimis* physical injury); Nolin v. Isbell, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury); Quinlan v. Personal Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) (holding that § 1997e(e) barred pre-trial detainee's claims for compensatory and punitive damages; complaints of temporary chest pain, headache and difficulty breathing while in

transport van, as well as subsequent "continuous back pain in [his] lower back that periodically cause[d] [him] to walk hunched over," did not constitute more than *de minimis* physical injury required under § 1997e(e), since none of the conditions required immediate medical attention or evidenced physical injury besides discomfort).

In Harris v. Garner, the Eleventh Circuit stated, "We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant." 197 F.3d 1279, 1286 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part en banc*, 216 F.3d 970 (11th Cir. 2000). Under binding circuit precedent, this court therefore must "fus[e] the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment." *Id.*

III. ANALYSIS

Although Plaintiff's allegations certainly describe uncomfortable conditions during his six-day transport, they do not suggest conditions that were extreme or posed an unreasonable risk of serious damage to his health or safety. Further, even if Plaintiff's factual allegations stated a plausible Fourteenth Amendment claim against USG7 and its drivers, his allegations that he suffered bladder pain during the six-day transport and believes he now suffers from "neurogenic bladder" are insufficient to show he suffered more that more than *de minimis* physical injury as a result of the conditions of the transport. Therefore, he is statutorily precluded from recovering compensatory or punitive damages against USG7 and its drivers, which is the only relief Plaintiff seeks against those Defendants. With regard Sheriff Hall, Plaintiff's factual allegations are insufficient to plausibly suggest that Sheriff Hall actually knew that USG7 or its drivers would subject Plaintiff to conditions that posed an unreasonable risk of serious harm to his health or safety. Therefore, the complaint fails to state a claim upon which relief may be granted as to Sheriff Hall.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 14th day of January 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).